UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALAN H. HAMILTON,                                :
                    Plaintiff,          :    **ORDER**
                                        :
v.                                               :    14 CV 624 (VB)
                                                 :
NEWBURGH-BEACON BUS                              :
CORPORATION, LEPRECHAUN LINES,                   :
INC., and JOHN DOE 1-10,                         :
                    Defendants.         :
--------------------------------------------------------------x

Briccetti, J.:

       By Memorandum Decision dated December 5, 2014, the Court granted in part and denied in part defendants' motion to dismiss the complaint. (Doc. #20). On December 15, 2014, defendants moved for reconsideration. (Doc. #24).

       For the following reasons, the motion for reconsideration is DENIED.

       The Court presumes familiarity with the facts and procedural history of this case.

       "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3. The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Defendants first argue the Court overlooked allegations in the complaint regarding transportation of passengers to and from Stewart International Airport. While the complaint does allege Leprechaun Lines operated a shuttle service that transported passengers to and from Stewart International Airport (Compl. ¶ 13), it does not allege plaintiff transported passengers there. (Compl. ¶ 16). Therefore, the Court did not overlook any facts when, based on the plaintiff's route as alleged in the complaint, it determined plaintiff's route did not constitute a practical continuity of movement in the flow of interstate commerce.

Defendants next argue well settled precedent permits a court to rely on admissions in the parties' briefs in deciding a motion to dismiss; therefore, the Court improperly overlooked plaintiff's admissions in his opposition to the motion to dismiss that he transported passengers to and from Stewart International Airport.

This argument is without merit for three reasons.

First, in its briefs submitted with its motion to dismiss, defendants did not propose that the Court should consider plaintiff's statements in his briefs as binding judicial admissions of

fact.  Thus, defendants are advancing a new argument "not previously presented to the court" in their motion for reconsideration.  <u>Randell v. United States</u>, 64 F.3d at 109.  Despite defendants' oversight, the Court was well aware of the inconsistencies in the complaint and plaintiff's brief when ruling upon defendants' motion (<u>see</u> Mem. Decision 7 n.4), and upon careful consideration, concluded the best way to proceed, at this early stage in the proceedings, was to rely upon the complaint alone.

Second, every case relied upon by defendants in their motion for reconsideration clearly states a court may, <u>in its discretion</u>, treat statements in briefs as binding judicial admissions of fact.  The court did not overlook this precedent because the Court, <u>in its discretion</u>, decided not to treat plaintiff's statements in his brief as binding judicial admissions of fact.  There is well settled law permitting the Court to limit its review to the complaint, and any documents incorporated or attached to the complaint, in deciding a motion to dismiss.

Third, the Court's decision does not preclude defendants from raising the applicability of the Motor Carrier Exemption after the close of discovery, when development of the record will make crystal clear the particularities of plaintiff's route.

The Clerk is instructed to terminate the motion.  (Doc. #20).

Dated:  December 16, 2014
         White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge